# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DENISE M. LANGFORD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ISAIAS IRGAU, M.D., | ) | C.A. No. N24C-09-184 DJB |
| CHRISTIANA INSTITUTE | ) | |
| OF ADVANCED SURGERY, P.A., | ) | |
| JEFFREY P. CRAMER, M.D., | ) | |
| AND DELAWARE FAMILY CARE | ) | |
| ASSOCIATES, P.A. | ) | |
| | ) | |
| Defendants. | ) | |

Date Submitted:  January 3, 2025
Date Decided: April 1, 2025

## MEMORANDUM OPINION

*On Defendant Isaias Irgau, M.D. and Christiana Institute of Advanced Surgery, P.A.'s Motion to Dismiss –* **DENIED**

Joseph J. Farnan, Esquire, Brian E. Farnan, Esquire, and Michael J. Farnan, Esquire, Farnan LLP, Wilmington, Delaware, and Dion G. Rassias, Esquire, (admitted *pro hac vice*) The Beasley Firm, Philadelphia, PA, *attorneys for Plaintiff*

Gregory M. Mckee, Esquire, and Zoe Plerhoples, Esquire, Wharton Levin, Wilmington, Delaware, *attorneys for Defendants Isaias Irgau, M.D. and Christiana Institute of Advanced Surgery, P.A.*

Stephen J. Milewski, Esquire, and Deborah S. Flippen, Esquire, Balaguer, Milewski and Imbrogno LLP, Wilmington, Delaware, *attorneys for Defendants Jeffrey P. Cramer, M.D. and Delaware Family Care Associates*

**BRENNAN, J.**

This medical malpractice action alleges a series of failures to diagnose lung cancer following CAT scans. Plaintiff was eventually diagnosed in 2024 with Stage IV lung cancer after two prior alleged separate missed diagnoses by both Defendant Drs. Irgau and Cramer in 2015 and 2023, respectively. Defendants Dr. Irgau and Christiana Institute of Advanced Surgery, P.A. (hereinafter "Moving Defendants") move for dismissal pursuant to 18 *Del. C.* § 6856, claiming the statute of limitations has run on this claim. Plaintiff opposes, arguing dismissal is premature, the date of the injury tolls the statute of limitations rather than the date of the alleged negligence, and that at a minimum, discovery needs to be conducted before the date of injury can be determined.

It may be possible that the statute of limitations did not begin to run in 2015 when Dr. Irgau failed to inform Plaintiff of the results of her CAT scan, therefore dismissal is premature. A period of discovery will be allowed to develop the record on this issue. For the reasons fully discussed below, Plaintiff's Complaint sets forth reasonably conceivable circumstances under which she may be entitled to recover, therefore Moving Defendants' Motion is **DENIED.**

## I.     RELEVANT FACTS AND PROCEDURAL HISTORY

Dr. Irgau ordered a CAT scan of Plaintiff's abdomen in June of 2015 before undergoing gallbladder surgery (hereinafter "the 2015 scan").[1]  The report was faxed to Dr. Irgau with the header:

**"!!! ATTENTION!!!"**
**The attached findings on**
**your patient requires**
**!!! ATTENTION!!!** [2]

The scan's finding noted a "visualized lung base demonstrating a mild focal opacity" and the CAT "Impression" section specifically noted:

> …mild focal opacity partially visualized in the lingula on the first image.  This may represent active pneumonitis but follow up correlation with chest radiographs or CT is suggested for further evaluation to exclude carcinoma.[3]

Dr. Irgau sent a courtesy copy of this scan to Plaintiff's primary care physician, Dr. Cramer.[4]  However neither doctor ordered further testing nor shared the 2015 scan's findings with Plaintiff.[5]  Additionally, the 2015 scan was never uploaded to Plaintiff's patient portal.[6]

---

[1] *Denise M. Langford vs. Isaias Irgau, MD, Christiana Institute of Advanced Surgery, P.A., Jeffrey P. Cramer, MD, and Delaware Family Care Associates, P.A*; N24C-09-184 DJB, Plaintiff's Complaint, Docket Item ("D.I.") 1, ¶ 9
[2] *Id.* at ¶ 15.
[3] *Id.* at ¶ 16.
[4] *Id.* at ¶ 12.
[5] *Id.* at ¶ 17.
[6] *Id.* at ¶ 22.

Eight years went by before Plaintiff obtained another CAT scan in 2023. Dr. Cramer, for an independent reason, ordered the scan, which reported: "a 23 mm LINGULAR opacity is seen. Malignancy cannot be excluded. Follow up enhanced CT of the chest is recommended for more thorough evaluation of the thorax."[7] Once again, Dr. Cramer did not upload the 2023 results to Plaintiff's patient portal or discuss with her its findings.[8]

Plaintiff did not learn about any of the findings until June of 2024, after being admitted to Christiana Emergency Room for chest pain and a lingering cough.[9] Emergency room staff first conducted an X-Ray and compared those results to the 2015 scan.[10] After the initial X-Ray, Plaintiff underwent another CAT scan revealing a 60 mm mass in the left lung.[11]

Once discharged, Plaintiff followed up with Dr. Cramer who confirmed her diagnosis as Stage IV lung cancer that had metastasized to her brain and lymph nodes.[12] According to Dr. Cramer, he "totally missed the [prior] reports about the mass" and acknowledged the mass had "doubled in size" between the 2023 and 2024 CAT scans.[13] Plaintiff brings negligence claims against both Drs. Irgau and Cramer,

---

[7] *Id.* at ¶ 27.
[8] *Id.* at ¶ 28.
[9] *Id.* at ¶ 30.
[10] *Id.* at ¶ 32.
[11] *Id.* at ¶ 33.
[12] *Id.* at ¶ 37.
[13] *Id.* at ¶ 35.

individually, for failing to timely diagnose her cancer, and against Christiana Institute of Advanced Surgery and Delaware Family Care Associates, P.A. under respective theories of agency liability, corporate negligence and corporate willful and wanton conduct.[14]

In lieu of an Answer, on October 17, 2024, Moving Defendants filed the instant Motion to Dismiss Plaintiff's Complaint. Their motion alleges Plaintiff's claims against them are time barred under 18 *Del. C.* § 6856, as it was not filed within two years of the injury.[15] Plaintiff responded in opposition on November 7, 2024.[16] Leave was granted for Defendants to file a Reply to Plaintiff's opposition.[17] On November 18, 2024, Defendants' Reply was filed.[18] Oral argument was held on January 3, 2025.[19] This is the Court's decision.

## II.   STANDARD OF REVIEW

Pursuant to Superior Court Civil Rule 12(b)(6), the Court must decide whether there are any reasonably conceivable set of circumstances susceptible of proof under

---

[14] *Id.* at ¶¶ 43, 45-53, 55-63, 65-72, 74-87.
[15] Defendants Isaias Irgau, M.D. and Christiana Institute of Advanced Surgery, P.A.'s Motion to Dismiss, D.I. 8.
[16] D.I. 12.
[17] D.I. 15.
[18]  D.I. 20.
[19] D.I. 23.

the complaint under which a Plaintiff may be entitled to recovery.[20]  Under that Rule, the Court will:

> (1) accept all well pleaded factual allegations as true, (2) accept even vague allegations as "well pleaded" if they give the opposing party notice of the claim, (3) draw all reasonable inferences in favor of the non-moving party, and (4) not dismiss the claims unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[21]

"The Court, however, need not accept conclusory allegations unsupported by specific facts or … draw unreasonable inferences in favor of the non-moving party."[22]  But if there is any reasonable conception that can be formulated allowing for Plaintiff's recovery, the motion must be denied.[23]

## III.  ANALYSIS

The issue before the Court is whether the date of the alleged negligence is the same as the date of the alleged injury for purposes of tolling the statute of limitations. If those dates do not coincide, the question becomes whether Plaintiff's Compliant sufficiently pled facts that support a finding that the date of the injury is within the

---

[20] *Vinton v. Grayson*, 189 A.3d 695, 700 (Del. Super. 2018) (quoting Super. Ct. Civ. R. 12(b)(6)).

[21] *Id.* (quoting *Central Mortgage Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 535 (Del. 2011)).

[22] *Intermec IP Corp. v. TransCore, LP*, 2021 WL 3620435, at *11 (Del. Super. Ct. Aug. 16, 2021) (citing *Prince v. E.I. DuPont de Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011), overruled on other grounds by *Ramsey v. Ga. S. Univ. Advanced Dev. Ctr.*, 189 A.3d 1255, 1277 (Del. 2018)).

[23] *Vinton*, 189 A.3d at 700 (citing *Cent. Mortg. Co.*, 27 A.3d at 535).

statute of limitations. Prior to the Delaware Supreme Court's 2021 decision in *GI Associates of Delaware, P.A., et. al. v. Anderson*,[24] it was reasonably settled that the "date of injury" for statute of limitations purposes in a medical negligence action was the date of the alleged negligence.[25] However, in *Anderson*, the Court established that the date of negligence and the date of injury may not necessarily coincide for purposes of tolling the statute of limitations under 18 *Del. C.* § 6856.[26] The *Anderson* Court thus remanded the case to Superior Court to make a finding of fact as to when the alleged injury occurred to make a determination regarding the statute of limitations.[27]

Moving Defendants argue Plaintiff's injury occurred on June 11, 2015, the date when Dr. Irgau failed to inform Plaintiff of her 2015 scan findings. As a result, they claim Plaintiff's Complaint is time barred.[28] Plaintiff conceptualizes the injury under 18 *Del. C.* § 6856 differently. Plaintiff argues the Moving Defendants incorrectly assume the date of injury as the date of Defendant Dr. Irgau's negligence. Plaintiff argues that *Anderson* allows for either the date of injury or the date of the negligent act to toll 18 *Del C.* § 6856, and in viewing the Complaint with all

---

[24] 247 A.3d 674 (Del. 2021).
[25] *Id*. at 685; *see also Dunn v. St. Francis Hospital, Inc.*, 401 A.2d 77 (Del. 1979), *Meekins v. Barnes*, 745 A.2d 893 (Del. 2000), and *Dambro v. Meyer*, 974 A.2d 121 (Del. 2009).
[26] *Anderson*, 247 A.3d at 685.
[27] *Id*.
[28] *Id*.

7

reasonable inferences in her favor, the date of the negligent act – June 11, 2015 – does not control. Plaintiff argues that a period of discovery should be allowed so the true triggering date of the statute of limitations can be determined.[29] Plaintiff distinguishes the cases upon which Moving Defendants rely, arguing the record here likewise needs to be developed as discovery has not been afforded.[30]

Moving Defendant's Reply submits that the Complaint alleges injury in 2015, arguing the allegations in Plaintiff's Complaint set forth that "there was an abnormal finding suggesting cancer in 2015, and because Defendants failed to advise her, the cancer worsened over time."[31] They argue the Complaint establishes Plaintiff's cancer existed as of 2015, therefore the date of the negligent act and the injury both occurred in 2015. Therefore, Moving Defendants argue a plain reading of § 6856 and the timelines set forth in Plaintiff's Complaint show the claim is time barred, and no additional discovery is warranted.[32]

Prior to *Anderson*, the date of injury for statute of limitations purposes typically meant the date of the negligent act, even if the actual injury and the

---

[29] Plaintiff's Opposition, D.I. 12.
[30] *Id.*
[31] Def. Reply, p. 6, D.I. 20.
[32] *Id.* Moving Defendants alternatively argue that even if there is no allegation that the cancer was present in 2013 in Plaintiff's Complaint, the Complaint fails to establish causation. D.I. 20 at ¶ 13. A plain reading of the Complaint alleges a prima facie case of negligence, under the standard of review under Rule 12(b)(6). This alternative argument is not availing.

8

negligent act did not occur on the same day.[33]   Therefore, if Plaintiff's injury occurred in 2015 when Dr. Irgau learned of the scan's results, ignored the recommendation for follow up testing to exclude carcinoma, and failed to provide those results to Plaintiff, the two-year statute of limitations began to run at that time. Section 6856 of Title 18 of the Delaware Code states:

> No action for the recovery of damages upon a claim against a health-care provider for personal injury … arising out of medical negligence shall be brought after the expiration of 2 years from the date upon which such injury occurred; provided, however, that:  (1) solely in the event of personal injury the occurrent of which, during such period of 2 years, was unknown to and could not in the exercise of reasonable diligence have been discovered by the injured person, such action may be brought prior to the expiration of 3 years from the date upon which such injury occurred, and not thereafter. [34]

Regardless of whether the two or three-year limitation applies, Plaintiff's Complaint was not filed until September 19, 2024.  In *Anderson*, the Delaware Supreme Court endeavored a careful evaluation and analysis of prior decisional case law before concluding the "text of § 6856 does not mandate that that date of negligence and the occurrence of injury must be deemed to coincide, even where the facts of the case do not support such a finding."[35] In doing so, *Anderson* meticulously

---

[33] *Meekins v. Barnes*, 745 A.2d 893, 898 (Del. 2000); *see also Dunn v. St. Francis*, 401 A.2d 77, 79 (Del. 1979).
[34] 18 *Del. C.* §6856.  If the injury was unknown to Plaintiff and "could not in the exercise of reasonable diligence have been discovered by the injured person," the action may be brought within three years.
[35] *Anderson*, 247 A.2d at 685.

9

reviewed the cases Moving Defendants cite, therefore a full analysis of that prior decisional law is not now required. *Anderson* established the new landscape of the statute of limitations in medical negligence claims; the question presented here is whether Plaintiff's Complaint survives in this new realm.

Delaware law still requires a sufficient evidentiary basis showing the date of injury.[36] Moving Defendants argue Plaintiff's case is akin to *Meekins v. Barnes*,[37] *Dambro v. Meyer*,[38] and *Dunn v. St. Francis*.[39] In each of these cases, the record evidence set forth the required information to determine the date of the injury was also the date of the negligent act. Moving Defendants argue that because Plaintiff's Complaint alleges the possibility that the cancer was present in 2013, it establishes that the date of the injury coincides with the date of the alleged negligence here. Further, Moving Defendants distinguish *Anderson* because Anderson's cancer definitively had not developed at the time of the negligent act.[40]

---

[36] *Anderson v. GI Associates of Delaware*, 2022 WL 3696776, at *5 (Del. Super. Aug. 24, 2022).
[37] 745 A.2d 893 (Del. 2000).
[38] 974 A.2d 121 (Del. 2009).
[39] 401 A.2d 77 (Del. 1979).
[40] In *Anderson*, the negligent act was the Defendant Doctor's failure to recommend a colonoscopy repeat within 3 years but instead recommended a repeat in 3-5 years. No cancer was found at the time of the negligent recommendation, but by the time Anderson returned in five years, cancer had developed and to such an extent that a colonoscopy was unable to have been performed.

The *Anderson* decision was based upon its particular facts. Moving Defendants are correct that in *Anderson*, the plaintiff's cancer was not present at the time of the negligent act. The *Anderson* Court used this fact to distinguish itself from *Meekins*, *Dambro* and *Dunn*. In finding the *Anderson* plaintiff's circumstance "unique," the Court noted that the previous cases were ones in which the evidence supported a finding that the date of the injury coincided with the negligent act.[41] The Plaintiff at bar may be similarly unique.

The procedural posture of all the previously decided cases is of import. Moving Defendants argue that *Dambro* and *Meekins* were decided on the pleadings, therefore the procedural posture of this case is not relevant.[42] As in *Anderson*, it is not clear from the pleadings when the Plaintiff's alleged injury actually occurred. Therefore, it is consequential that Plaintiff has not yet been afforded the opportunity to explore this area in discovery; *Dambro*, *Dunn* and *Meekins* were decided with a complete record. In fact, *Anderson* was remanded for Superior Court to review the then-completed factual record to determine the date of injury and "apply § 6856 accordingly."[43] That was not necessary in *Dambro*, *Dunn* and *Meekins*. Here, the factual record has not been fully developed, which distinguishes Plaintiff's case from

---

[41] *Anderson*, 247 A.2d at 685.
[42] Def. Reply at ¶ 14, D.I. 20.
[43] *Id.*

11

*Dambro*, *Dunn* and *Meekins* where "[the] rulings [ ] that the injury coincided with the negligence were all grounded in and supported by the evidence in those cases."[44]

The current record alleges Plaintiff's 2015 scan recommended follow up testing to rule out carcinoma, not that carcinoma definitively existed at the time.[45] The record lacks evidence as to where and when Plaintiff's ultimate cancer was detected, such that this Court cannot make a finding as to when cancer was definitively present for purposes of tolling the statute of limitations. Any conclusion regarding when the injury occurred is mere speculation at this point, yet the Complaint sufficiently sets forth facts under which recovery is reasonably conceivable.

Moving Defendants' concerns regarding prejudice in the cost of discovery is duly acknowledged, but when weighing the lost opportunity for Plaintiff to explore this issue so that the Court can make an informed determination as to the statute of limitations, the cost concern is substantially outweighed. Additionally, Defendant Cramer filed a cross-claim in his Answer,[46] for which the statute of limitations has yet to run. Therefore, Moving Defendants costs will not end even should this motion be granted, as that cross-claim remains to be litigated.

---

[44] *Anderson*, 247 A.3d 685.
[45] D.I. 1 at ¶ 15.
[46] D.I. 16, ¶ 94.

## IV. CONCLUSION

Reviewing the Complaint in the favorable light afforded to Plaintiff under Rule 12(b)(6), there are reasonably conceivable grounds for recovery. Plaintiff is entitled to engage in discovery to determine whether the injury occurred within 18 *Del. C.* §6856's statute of limitations period. Accordingly, Moving Defendant's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

_____
Danielle J. Brennan, Judge

cc:    All parties via File&Serve

13